COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-352-CR

 

 

MICHAEL RAY LONG                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Michael Ray Long
appeals from his convictions for possession of a gambling device, keeping a
gambling place, and gambling promotion. 
In two points, he argues that the trial court erred by failing to grant
a mistrial after an improper question and improper argument by the State.  We affirm.

 

 








                                            Background

Appellant does not challenge
the legal or factual sufficiency of the evidence to support his convictions;
thus, a cursory review of the evidence will suffice to provide context for his
points.  

Appellant=s convictions arise from his ownership of APot of Gold,@ an Aeight-liner@ gaming room
where Appellant operated about a hundred eight-liner machines.  James McNeal, an undercover deputy sheriff,
investigated Pot of Gold for possible violations of state gambling laws.  After playing some of the eight-liner games
on two occasions and winning cash prizes, Deputy McNeal determined that Pot of
Gold was operating in violation of the law, and the sheriff=s department raided the gaming room soon thereafter. 

The grand jury indicted
Appellant for possession of a gambling device, keeping a gambling place, and
gambling promotion.  The gist of
Appellant=s defense
was that he reasonably believed he was acting in compliance with the law.  A jury convicted him on all three counts, and
the trial court assessed punishment at a year=s confinement, probated for two years, and a $2,000 fine for each
count. 

                     Failure to grant mistrial after improper
question.








In his first point, Appellant
agues that the trial court erred by failing to grant a mistrial after the
prosecutor asked Deputy McNeal, AAre you aware of another raid that took place a year later?,@ i.e., a year after the raid connected with Appellant=s convictions.  Appellant
objected to the question as irrelevant. After voir dire examination and
argument outside the presence of the jury, the trial court sustained the
objection.  Appellant then moved for a
mistrial, which the trial court denied. 
When the jury returned to the courtroom, the trial court instructed them
to disregard the last question and not consider it for any purpose.  Appellant argues that the question went to
the heart of his defense because the jurors could have supposed that Appellant
had been given an opportunity to bring his business into conformity with the
law but had failed to do so.

An appellate court reviews a trial court=s ruling on a
motion for mistrial using an abuse of discretion standard.  Webb v. State, 232 S.W.3d 109, 112
(Tex. Crim. App. 2007).  The appellate
court views the evidence in the light most favorable to the trial court=s ruling and
upholds the trial court=s ruling if it was within the zone of
reasonable disagreement.  Id.; Wead
v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  The appellate court does not substitute its
judgment for that of the trial court but rather decides whether the trial court=s decision was
arbitrary or unreasonable.  Webb,
232 S.W.3d at 112.








Mistrial is appropriate only for highly prejudicial and
incurable errors.  Simpson v. State,
119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 542 U.S. 905
(2004).  A trial court may grant a
mistrial when it is faced with an error so prejudicial that the expenditure of
further time and expense would be wasteful and futile.  Id. 
The general rule, however, is that any error in the admission of
improper evidence may be corrected by withdrawing the evidence and instructing
the jury to disregard it.  See Rojas
v. State, 986 S.W.2d 241, 250B51 (Tex. Crim.
App. 1998).

When a trial court strikes evidence and instructs the jury
to disregard it, in the absence of evidence indicating that the members of the
jury failed to do so, the jury is presumed to have followed the trial court=s
instruction.  See Ladd v. State, 3
S.W.3d 547, 567 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070
(2000); State v. Boyd, 202 S.W.3d 393, 402 (Tex. App.CDallas 2006, pet.
ref=d).








Appellant points to no
evidence that the jury failed to follow the trial court=s instruction to disregard the prosecutor=s question, and our own review of the record finds none.  Moreover, Deputy McNeal did not answer the
question before Appellant objected, and while the question itself suggested
that Appellant continued to operate Pot of Gold in violation of the law, the question
was
not of such a highly prejudicial character that it was wasteful and futile to
continue the trial.  See Simpson, 119 S.W.3d at 272.
 We
therefore hold that the trial court did not abuse its discretion by denying
Appellant=s motion for
mistrial, and we overrule his first point.

 

 

                    Failure to grant mistrial
after improper argument.

In his second point,
Appellant argues that the trial court erred by failing to grant a mistrial
after the prosecutor began his closing argument with these words:

Ladies and gentlemen, I want to start out by
talking a little bit about this.  If you
have any problems with the Sheriff not calling the Defendant back or the DA=s
office not calling the Defendant back, there was a Cease and Desist Order on
June 13th of 2003.  And it=s the
policy of the Sheriff=s office and Mr. Curry, they
don=t
normally make contact with defendants. [Emphasis added.] 

 

Appellant objected to the last sentence as
outside the record, and the trial court sustained the objection and instructed
the jury to disregard the statement, but it denied Appellant=s motion for mistrial.

To be permissible, the State=s jury argument
must fall within one of the following four general areas: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) answer to argument of
opposing counsel; or (4) plea for law enforcement.  Felder v. State, 848 S.W.2d 85, 94B95 (Tex. Crim.
App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. State,
493 S.W.2d 230, 231 (Tex. Crim. App. 1973).








When the trial court sustains an objection to improper
argument and instructs the jury to disregard but denies a defendant=s motion for a
mistrial, the issue is whether the trial court abused its discretion by denying
the mistrial.  Hawkins v. State,
135 S.W.3d 72, 77 (Tex. Crim. App. 2004); Faulkner v. State, 940 S.W.2d
308, 312 (Tex. App.CFort Worth 1997, pet. ref=d) (en banc op. on
reh=g).  Only in extreme circumstances, where the
prejudice is incurable, will a mistrial be required.  Archie v. State, 221 S.W.3d 695, 699 (Tex.
Crim. App. 2007); Hawkins, 135 S.W.3d at 77.  We presume the jury complied with an
instruction to disregard improper jury argument.  Wesbrook v. State, 29 S.W.3d 103, 116
(Tex. Crim. App. 2000).  When assessing the
curative effect of the court=s instruction to
disregard, the correct inquiry is whether the argument was extreme or
manifestly improper, injected new and harmful facts into the case, or violated
a mandatory statutory provision and was thus so inflammatory that an
instruction to disregard could not cure its prejudicial effect.  Faulkner, 940 S.W.2d at 312.  Only offensive or flagrant error warrants
reversal when there has been an instruction to disregard.  Wesbrook, 29 S.W.3d at 116.  If the instruction cured any harm caused by
the improper argument, a reviewing court should find that the trial court did
not err.  Dinkins v. State, 894
S.W.2d 330, 357 (Tex. Crim. App.), cert. denied, 516 U.S. 832 (1995); Faulkner,
940 S.W.2d at 312. 








A significant theme in Appellant=s defenseCincluding closing
arguments delivered immediately before the prosecutor=s complained-of
remarkCwas that he and
his attorney attempted on several occasions to contact the sheriff=s office and the
district attorney=s office in a effort to determine whether
Pot of Gold was operating in compliance with the law.  Under the circumstances, we cannot say that
the prosecutor=s statement that the sheriff and the
district attorney do not normally contact defendants was so extreme, offensive,
or inflammatory that it caused incurable prejudice and rendered the instruction
to disregard ineffective.  See Archie,
221 S.W.3d at 699; Wesbrook, 29 S.W.3d at 116; Faulkner, 940 S.W.2d at 312.  Nothing in the record overrides the
presumption that the jury complied with the instruction to disregard the
comment.  See Wesbrook, 29 S.W.3d at 116.  We therefore hold that
the trial court did not abuse its discretion by denying Appellant=s motion for mistrial, and we overrule his second point.

                                             Conclusion

Having overruled both of
Appellant=s points, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL B:   GARDNER, LIVINGSTON, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)








DELIVERED:
July 3, 2008











[1]See Tex. R. App. P. 47.4.